BEFORE THE SECOND DIVISION, JANUARY 29, 1958

**No. 61507.**—Victor Machinery Exchange, Inc. *v.* United States, protest 220712–K (New York).

LAWRENCE, Judge: So-called angle plates were classified by the collector of customs as articles in chief value of metal, not specially provided for, and duty was imposed thereon at the rate of 22½ per centum ad valorem as provided in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

In its protest, plaintiff claims that the merchandise is dutiable at 13¾ per centum ad valorem as parts of machines, not specially provided for, in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739.

Motion to amend the protest was also filed, claiming as follows:

It is further claimed that said merchandise is dutiable at 15% under paragraph 372 of the Tariff Act of 1930, as amended, or at 15% under paragraph 353 of the Tariff Act of 1930, as amended, or at 13¾% under paragraph 353 of the Tariff Act of 1930, as amended.

However, the claim relied upon in the brief of plaintiff is that the angle plates in controversy are, in fact, parts of milling machines which are operated by electrical

power and cannot be operated manually; that said machines employ a tool for work on metal and are, therefore, classifiable as parts of machine tools in said paragraph 372, as modified by the General Agreement on Tariffs and Trade, *supra*, for which duty at the rate of 15 per centum ad valorem is provided.

The pertinent text of paragraphs 397 and 372 is here set forth:

Paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

*     *     *     *     *     *     *

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

*     *     *     *     *     *     *

    Other (except slide fasteners and parts thereof)_____ 22½% ad val.

Paragraph 372 of said act, as modified by the general agreement:

Machine tools (except jig-boring machine tools)_____ 15% ad val.

*     *     *     *     *     *     *

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

*     *     *     *     *     *     *

    Other_____ The same rate of duty as the articles of which they are parts

Paragraph 372 of the basic act contains the following proviso:

* * * That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

The only witness in the case, Bert Freidus, was called on behalf of plaintiff. He testified in substance that he was treasurer of the plaintiff corporation with which he had been associated for some 15 years, engaged in the business of buying and selling precision tools and parts of machinery. He stated that he was familiar with the imported merchandise and produced a sample of it, which was introduced in evidence as exhibit 1. He also produced a descriptive pamphlet, which was marked exhibit 2, to illustrate the attachment of the angle plates to a milling machine.

The witness testified that the angle plates are composed of cast iron and that the holes in the angle plates are designed to accommodate T-slot bolts which are used to affix the angle plates to the table of the milling machine, the table top of which machine is similarly designed to accommodate these bolts. The material to be worked on is affixed to the angle plates, the cutting tool is applied to it, and the milling machine is then able to form the material by use of the cutting tool. The witness added that the combined device is known as a machine tool in the trade.

Freidus testified that the milling machine could not operate for its intended use without angle plates to hold the material at the proper angle. The milling machine is powered by an electric motor and cannot be operated by hand power.

The witness stated that the machine with which the imported angle plates are used can also serve as a "gear hobby" machine, in which event the angle plates are not necessary.

Freidus testified that the angle plates are essential to the operation of the machine with which they are used as a milling machine.

It was stipulated and agreed by the parties that the milling machine with which the angle plates in issue are used is not a jig-boring machine tool.

No evidence was submitted on behalf of the Government, and it has filed notice with the court that it does not intend to file a brief in this case.

From the evidence, it is apparent that the angle plates are essential parts of the machine with which they are used in order for the machine to perform its function as a milling machine. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851.

It is further apparent from the record that the milling machine meets the definition of a machine tool, as contained in the proviso to paragraph 372 of the basic act, since it has been shown to be a machine operating other than by hand power which employs a tool for work on metal.

The fact that the machine is used for "gear hobby" work without the use of the angle plates does not militate against our conclusion herein inasmuch as, when in use for its milling purpose, the angle plates are essential and necessary parts of the machine. *Metallizing Engineering Co., Inc.* v. *United States*, 36 Cust. Ct. 205, C. D. 1775, and cases therein cited.

On the record before us, we find and hold that the angle plates in controversy constituting parts of milling machines should properly have been classified as parts of machine tools within the purview of paragraph 372 of the Tariff Act of 1930, as modified, *supra*, as claimed by importer, and subjected to duty at the rate of 15 per centum ad valorem. That claim in the protest is, therefore, sustained. All other claims are overruled.

Judgment will be entered accordingly.